Matter of Larsen (2019 NY Slip Op 08959)





Matter of Larsen


2019 NY Slip Op 08959


Decided on December 12, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. John W. Sweeny, Jr.,Justice Presiding,
Judith J. Gische
Barbara R. Kapnick
Troy K. Webber
Ellen Gesmer,Justices.


&em;

[*1]In the Matter of Leah Larsen, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Leah Larsen, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Leah Larsen, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 27, 1978.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Jeremy S. Garber, of counsel), for petitioner.
Peter E. Brill, Esq., for respondent



PER CURIAM.


Respondent Leah Larson was admitted to the practice of law in the State of New York by the First Judicial Department on February 27, 1978. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
By order dated January 31, 2008, we suspended respondent for 2 1/2 years, effective February 29, 2008, for misconduct involving a single client matter which included false notarization, misappropriation of escrow funds, commingling, charging an excessive legal fee, and pressuring her client to withdraw his fee complaint via a threat to pursue the full amount of her bill in arbitration, and was directed to pay $30,464 in restitution to her client (50 AD3d 41 [1st Dept 2008]).
On February 4, 2009, the Board of Immigration Appeals suspended respondent from practice before immigration tribunals for 30 months, retroactive to December 22, 2008, based on our discipline.
To date, respondent has not been reinstated to practice law and remains suspended in New York and from practice before the immigration courts.
By notice of motion dated August 5, 2019, respondent seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR 1240.10), accepting her resignation as an attorney and counselor-at-law licensed to practice law in the State of New York. Respondent's counsel explains that in March 2019, respondent sought to resign and provided the Attorney Grievance Committee (AGC) with an affidavit of resignation. However, she did not properly file the motion with this Court, an omission that she has remedied with this motion. The AGC has filed an affirmation that it does not oppose respondent's motion. Respondent's affidavit of resignation, sworn to on July 16, 2019, conforms to the format set forth in Appendix A to 22 NYCRR 1240.10. Respondent acknowledges that she is currently the subject of an investigation by the AGC involving allegations that include at least the following acts of professional misconduct: from 2012 through 2016, under the pretense of acting as a paralegal for her brother, attorney Daniel P. Moskowitz, but without his supervision, she provided legal services to an individual in applying for legal residence for his Honduran citizen wife, and received $4,500 for these legal services, thus engaging in the practice of law while suspended; from 2016 through 2018, under the pretense of acting as a paralegal for her attorney-brother, but without his supervision, she received $3,000 to file an immigration petition on behalf of a second individual but failed to do so, and received additional funds to file for an immigrant visa for a third individual, and thus engaged in the practice of law while suspended and neglected a client's matter; and from February 2011 to on or about July of 2018, again under the pretense of acting as a paralegal for her brother, she operated an immigration law practice under her brother's name out of her former law office, and represented over 60 individuals before the Executive Office of Immigration Review and dozens of individuals before the United States Citizenship and Immigration Service, thus engaging the practice of law while suspended.
Respondent attests that she cannot successfully defend against the allegations based on the facts and circumstance of her professional conduct as described herein (22 NYCRR 1240.10[a][2]). She further acknowledges that her resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that our acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law (22 NYCRR 1240.10[a][1]).
Respondent acknowledges that her resignation is submitted subject to any future application by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that she make restitution or reimburse the Lawyers' Fund for Client Protection, and she consents to the continuing jurisdiction of the Appellate Division to make such an order (22 NYCRR 1240.10, Appx A). Respondent asserts that she is not currently the subject of a pending application pursuant to Judiciary Law § 90(6-a) seeking an order directing her to make restitution to the purported immigration clients of her brother whom she alone represented or to reimburse the Lawyers' Fund; and while she consents to the Appellate Division's jurisdiction to entertain a proceeding thereunder, she "reserve[s] [her] rights with regard to any such order."
By letter dated August 20, 2019, the Lawyers' Fund advises that, while there are presently no reimbursement claims pending against respondent, in 2008, when she was suspended from the [*2]practice of law, the Fund made a $30,464 award of reimbursement to the former client of respondent to whom she was directed to make restitution (50 AD3d at 47). The former client assigned all of his restitution rights to the Lawyers' Fund which advises in that same letter that, to date, respondent has not made any restitution payments to the Fund.
Respondent acknowledges and agrees that pending issuance of an order accepting her resignation, she will comply with our January 31, 2008 suspension order, that she will not undertake to represent any clients or accept any retainers for future legal services to be rendered, and there will be no transactional activity in any fiduciary account to which she has access, other
than for payment of funds held therein on behalf of any clients or others entitled to receive them (22 NYCRR 1240.10).
Respondent attests that, in the event we accept her resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including her affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
Accordingly, as respondent's affidavit of resignation conforms with 22 NYCRR 1240.10, the motion should be granted, respondent's resignation accepted, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York,
effective nunc pro tunc to July 16, 2019 (Matter of Hock, 171 AD3d 173 [1st Dept 2019]; Matter of Kiss, 163 AD3d 35 [1st Dept 2018).
All concur.
Order filed. [December 12, 2019]
The motion is granted, respondent's resignation is accepted and her name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 16, 2019.